Robert L. JENNINGS, Plaintiff–
Appellant,

v.

A.W. KING, CPO II, Grievance Coordi-
nator in his individual & official ca-
pacity; Newbrough, Prison Guard in
his individual capacity & official ca-
pacity, Defendants–Appellees.

No. 99–16950.

D.C. No. CV–95–02523–WKU.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2001.

Decided July 12, 2001.

Before SCHROEDER, Chief Judge,
LAY,* and THOMPSON, Circuit Judges.

MEMORANDUM **

Robert L. Jennings, an Arizona state
prisoner, appeals the district court's grant
of summary judgment in Jennings' 42
U.S.C. § 1983 action against prison offi-
cials. Jennings contends that the defen-
dants discriminated against him as an Afri-

---

* The Honorable Donald P. Lay, Senior Circuit
Judge for the Eighth Circuit sitting by desig-
nation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

can American by subjecting only African American inmates to a purportedly random property search. He also contends defendants interfered with his access to the courts because of the manner in which his property was confiscated. In addition, he contends that prison authorities during the search retaliated against him for previous complaints about prison conditions by destroying his property receipts and holding him for an excessive amount of time.

■ We agree with the district court that Jennings' response to defendants' showing in their motion for summary judgment was not sufficient to create any triable issues of fact on his equal protection claim. To prevail on a claim of an equal protection violation, Jennings must allege that a racially discriminatory purpose or intent influenced prison officials. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265–66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). In response to the defendants' affidavits that the search was conducted in a non-discriminatory way, the plaintiff did not, by way of verified complaint or affidavit, show that there was admissible evidence that would suggest otherwise. Jennings does not allege any facts of which he has personal knowledge to support the contention that a pattern and practice of racial discrimination occurred during the search, and no first-hand observations of any witnesses to the search support the claim that the defendants' affidavits were false.

With respect to the claim of denial of meaningful access to the courts plaintiff has also failed to counter defendants' summary judgment motion; plaintiff has not shown that the defendants' conduct actually inhibited his ability to pursue any specific litigation. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)(claimant must show an actual injury that materially inhibits access to the courts).

The plaintiff, through his appointed pro bono counsel, is correct, however, in asserting that the facial deficiencies in plaintiff's response to the summary judgment motions on equal protection and denial of access are not determinative of the appeal. This is because the plaintiff did not receive the warnings on summary judgment required by our decision in *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir.1998) (requiring that a pro se litigant facing a summary judgment motion be advised in plain English of the standards for summary judgment and the consequences for the case if the motion is granted). He received only a warning couched in the legalistic terms of Rule 56 of the Federal Rules of Civil Procedure, and not a warning in plain English. On that ground, the summary judgment on the equal protection and meaningful access claims must be reversed.

■ With respect to the retaliation claim, we conclude that the contents of the plaintiff's verified complaint, which are to be treated as an affidavit, *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir.1995), are sufficient to establish triable issues of fact as to whether defendant King acted in retaliation while performing the search. Jennings contends that King threw away prison property receipts, and that King detained him in the dining hall for hours longer than any other prisoner. Moreover, King does not dispute that he was in possession of the opened letter Jennings sent to the Justice Department complaining about prison conditions.

The judgment of the district court is reversed. The equal protection and denial of access claims are remanded in order to provide Jennings with an opportunity to submit further responsive evidentiary material to rebut the defendants' motion for summary judgment. The retaliation claim

is remanded for further proceedings on the merits.

REVERSED AND REMANDED.